IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| FOREST COVE MANOR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 04-1119-T-An |
| ) | |
| VIKI BUTLER, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

Defendant Guy Randy Vernon has filed a request, i.e., motion, for appointment of counsel. The request is DENIED.

Section 1915(d) of Title 28 provides as follows:

The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

28 U.S.C. § 1915(d). While a court has a duty to appoint counsel for an indigent criminal defendant in accordance with his constitutional right to counsel, the court in a civil proceeding has only the statutory authority to "request" counsel for a "person unable to employ counsel."[1] Bunton v. Englemyre, 557 F. Supp. 1, 4 (E.D. Tenn. 1981); see Moss v. Thomas, 299 F.2d 729, 730 (6th Cir. 1962). The court will exercise this statutory power only

---

[1] Defendant states that there is an on-going criminal investigation related to this civil matter. If Defendant is indicted and if he is found to be indigent, then he will be entitled to representation in the criminal action.

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on  12-01-05

in exceptional cases. Bunton, 557 F. Supp. at 4. However, "§ 1915(d) does not authorize the federal courts to make coercive appointments of counsel" to represent indigent civil litigants. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 310 (1989). Generally, a court will only appoint counsel in exceptional circumstances. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977).

A review of the complaint indicates that the case is not so complex that the court should exercise its discretion to appoint counsel at this time. Defendant does not appear to have more exceptional circumstances than other litigants in this court. See Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (1979). Because this case is not an exceptional one, the court DENIES the motion for the appointment of counsel. IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

28 November 2005
DATE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 80 in case 1:04-CV-01119 was distributed by fax, mail, or direct printing on December 1, 2005 to the parties listed.

---

Patrick F. Martin
HARDEE MARTIN DAUSTER & DONAHOE
P.O. Box 98
Jackson, TN 38302

Richard D. Bennett
MAIDEN & BENNETT
1155 Halle Park Cr.
Collierville, TN 38017

Kemper B. Durand
THOMASON HENDRIX HARVEY JOHNSON & MITCHELL
40 S. Main St.
Ste. 2900
Memphis, TN 38103--552

Guy Randy Vernon
98 Penny Lane
Jackson, TN 38301

A. Russell Larson
LAW OFFICES OF A. RUSSELL LARSON
P.O. Box 2163
Jackson, TN 38302--216

Guy Randy Vernon
98 Penny Lane
Jackson, TN 38301

Honorable James Todd
US DISTRICT COURT